April 19, 1978

## 78-21 MEMORANDUM OPINION FOR THE GENERAL COUNSEL, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

### Department of Housing and Urban Development—Delegations of Authority— 42 U.S.C. §§ 3533, 3535

This responds to your request for our opinion concerning concurrent delegations in the Department of Housing and Urban Development (HUD). Generally, they consist of the delegation of authority by the Secretary of HUD to an officer required to be appointed by the President by and with the advice and consent of the Senate[1] and to that officer's deputy appointed by the Secretary[2] in such fashion that the deputy may exercise the authority when both are on duty.

The Secretary's delegations to his or her principal officers[3] are authorized, and indeed required, because the Department of Housing and Urban Development Act and other statutes administered by the Secretary vest most, if not all, of the functions of the Department in the Secretary.[4] But the Act also provides that the principal officers of the Department are to:

> perform such functions, powers and duties as the Secretary shall prescribe from time to time.[5]

The delegations to the deputies are based on § 7(d), 42 U.S.C. § 3535(d), pursuant to which:

> The Secretary may delegate any of his functions, powers, and duties to such officers and employees of the Department as he may

---

[1]Department of Housing and Urban Development Act (Act), § 4(a), 79 Stat. 668, as amended, 42 U.S.C. § 3533(a); *see also* 42 U.S.C. § 3533a.

[2]Section 7(c) of the Act, 42 U.S.C. 3535(c).

[3]The term "principal officer" includes the Under Secretary, the Assistant Secretaries, the General Counsel, and the Federal Insurance Administrator. Act, § 4(a). We refer to them as Assistant Secretaries.

[4]Section 4 of the Act, 42 U.S.C. § 3534; *see also, e.g.,* the National Flood Insurance Act of 1968, Pub. L. No. 90-448, Title XIII, 82 Stat. 572.

[5]Section 4(a), 42 U.S.C. § 3533(a).

designate, may authorize such successive redelegations of such functions, powers, and duties as he may deem desirable, and may make such rules and regulations as may be necessary to carry out his functions, powers, and duties.

We have been advised by your Department that the Assistant Secretaries and their deputies do not, as the result of the concurrent delegations, hold their offices jointly; the deputy does not become the coequal of the Assistant Secretary. The latter retains the responsibility for the subdivision he heads. He has the power to direct his deputy, and prevails in case of disagreement. While both parties may have the same apparent powers with respect to outsiders, there is no doubt that in the internal relations between the Assistant Secretary and his deputy the former is the superior.

The status of Assistant Secretary as the officer responsible for his subdivision is made manifest in a HUD handbook entitled "Organization of the Department of Housing and Urban Development." It places the duties and responsibilities for the several departmental subdivisions in the Assistant Secretary who heads it, and not jointly in the Assistant Secretary and his deputy who hold a concurrent delegation.[6] Thus, the purpose of the concurrent delegations is not to modify the hierarchical organization of the Department, but rather is a matter of form and administrative convenience. It is designed above all to enable the deputy to sign documents without having to establish, possibly years later, that the Presidential appointee was absent or disabled at that time, and, second, to lessen the principal's workload, without detracting from his authority or responsibility, by authorizing the deputy to take action even if the principal is physically available.[7]

Senator Eagleton has recently challenged the legality of a concurrent delegation to the Federal Insurance Administrator and to his deputy, see 124 Cong. Rec. S 2521 (Daily Ed., February 28, 1978),[8] and has introduced a bill, S. 2602 (95th Cong., 2d sess.), that would in effect prohibit the practice of concurrent delegations to an officer, whether or not he had been appointed by and with the advice and consent of the Senate.

Senator Eagleton's objection to concurrent delegations is based on the proposition that the confirmation process would be "a mockery" if, after the Senate's careful inquiry into the background and qualifications of the person nominated by the President, the same functions can be exercised by someone

---

[6]However, we have been advised that the subsequent concurrent delegations did not affect the allocation of responsibility set forth in the handbook.

[7]It should be noted that these results could also have been achieved by a redelegation by the Presidential appointee specifically authorized by § 7(d) of the Act; 42 U.S.C. § 3535(d).

[8]This particular concurrent delegation was revoked on February 24, 1978; 43 F.R. 7719. This revocation, however, does not resolve the problem since, according to a compilation prepared by the American Law Division of the Library of Congress, concurrent delegations have been given to the General Counsel; the Assistant Secretary for Housing—Federal Housing Commissioner; and the Assistant Secretaries for Administration, for Neighborhoods, Voluntary Associations, and Consumer Protection, and for Fair Housing and Equal Opportunity.

about whom the Senate knows nothing.[9] In support of his position Senator Eagleton submitted a memorandum from the American Law Division of the Library of Congress which, relying on *Buckley* v. *Valeo,* 424 U.S. 1 (1976), and *Williams* v. *Phillips,* 360 F. Supp. 1363 (D.D.C. 1973), stay denied, 482 F. (2d) 669 (D.C. Cir. 1973), states:

> . . . that, although the matter is not free from doubt, the courts are likely to hold that HUD may not administratively create an office which would concurrently exercise functions with a statutorily created office which must be filed by a presidential nominee with the advice and consent of the Senate. [124 Cong. Rec. S. 2523 (Daily, Ed., February 28, 1978)]

In our opinion, the two cases cited by the Library of Congress memorandum are inapplicable to the system of concurrent delegations prevailing in your Department. The portion of the opinion in *Buckley* v. *Valeo* pertinent to the problem at hand (pp. 124-141), holds that "any appointee exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States,' and must, therefore, be appointed in the manner prescribed by § 2, cl. 2 of that Article [*i.e.,* Article II of the Constitution]" (at p. 126). Under the concurrent delegations here involved a deputy holding a concurrent delegation unquestionably exercises significant authority pursuant to the laws of the United States; hence he has to be appointed pursuant to one of the procedures established by Article II, § 2, cl. 2.

The constitutional provision states that officers of the United States must be appointed by the President by and with the advice and consent of the Senate, unless in the case of inferior officers, Congress by law vests the appointment in the President alone, the courts of law, or the heads of departments. Congress has exercised its power here by vesting the appointment of inferior officers in your Department in the Secretary. Section 7(c), *supra,* authorizes the Secretary to appoint "such *officers* and employees . . . as shall be necessary to carry out the provisions of this Act and to prescribe their authority and duties." [Emphasis added.] Deputy Assistant Secretaries unquestionably are inferior officers who can be appointed by a Department head.[10] The Deputy Assistant Secretaries of HUD, accordingly, have been appointed by the Secretary pursuant to a statute which authorizes him to do so. The constitutional requirement set forth in *Buckley* v. *Valeo* therefore has been met.

There is also the implication that a person to whom an authority equal to that of an Assistant Secretary has been delegated cannot be appointed pursuant to § 7(c), because Congress has required that the latter must be appointed by the

---

[9]This argument fails to realize, as will be shown in further detail below, that in confirming a Department head and even an Assistant Secretary, the Senate does not expect him to make all the decisions of the office over which he has jurisdiction, but rather that he is expected to be responsible for its general guidance and supervision.

[10]In some Agencies even some officers holding the rank of Assistant Secretary are appointed by the Department head. *See, e.g.,* the Assistant Attorney General for Administration (28 U.S.C. § 507); and the Assistant Secretary of Agriculture for Administration. Reorganization Plan No. 2, of 1953, § 3, 7 U.S.C. § 2201 note, and *see* 7 U.S.C. § 2213.

President by and with the advice and consent of the Senate. In that connection reliance is placed on *Williams* v. *Phillips, supra.* That case involved a vacancy in the office of the Director of the Office of Economic Opportunity, an advice-and-consent position (42 U.S.C. § 2941(a)), which the President had filled on an acting basis for a considerable period of time with a person who had not been confirmed. The district court held that where a statute specifically provides that a position must be filled with a person appointed by the President by and with the advice and consent of the Senate, the President cannot avoid the statutory requirement by filling it, even on an acting basis, with a person who has not been confirmed by the Senate in the absence of a statutory authorization.[11]

The statutory structure in your Department is quite different from the one involved in *Phillips.* The only advice-and-consent position in your Department, the powers and responsibilities of which are defined by statute, is that of the Secretary. The Department of Housing and Urban Development Act, § 3(a), 42 U.S.C. § 3532(a). The other departmental positions requiring Senate confirmation are set forth in § 4(a), but the Act does not prescribe their functions and responsibilities; to the contrary, § 4(a) provides that they shall have such powers and duties as may be prescribed by the Secretary.[12] On the other hand, § 7(d) provides for a general delegation of authority vested in the Secretary. The statute thus—with the exceptions noted—does not direct what functions must be vested in officers who have been confirmed by the Senate; to the contrary, on its face it permits the Secretary to delegate any of his functions to any officer in the Department.

We are not confronted with the situation presented in *Phillips,* where a statute provided specifically that a certain position had to be filled by an officer confirmed by the Senate. Here the Act, with a few exceptions, gives the Secretary discretion as to the functions he wishes to vest in an Assistant Secretary, and those functions he wishes to retain or delegate to an officer not subject to Senate confirmation.

We are, however, willing to believe *arguendo* that where a statute requires the confirmation of an officer, it implicitly provides that a provision such as § 7(d), which authorizes the Secretary to delegate any of his functions to any officer he may designate, cannot be used to give an unconfirmed officer the same organizational position as an officer who must be confirmed. The requirement of confirmation connotes that the officer shall be the head of the departmental subdivision placed in his charge, that he shall be responsible for

---

[11] The opinion of the Court of Appeals while denying a stay of the lower court's decision suggested that the President has the power to appoint an official who had not been confirmed by the Senate on an acting basis for a limited period of time.

[12] The only exception is the Assistant Secretary designated to be the Federal Housing Commissioner. He "shall administer, under the supervision and direction of the Secretary, departmental programs relating to the private mortgage market." But even this provision does not preclude the delegation of other functions to him. Again it could be implied from 42 U.S.C. § 3533a, which establishes the Office of the Federal Insurance Administrator, that Congress expected that the Secretary would delegate to him the responsibility for the insurance programs administered by HUD.

it, and that he alone shall have the overall power and authority, under the supervision of the Secretary, to direct and control the manner in which all other officers assigned to his subdivision perform their duties. On the other hand, he is not and cannot be expected to perform or even to supervise personally all the activities assigned to his subdivision as long as he retains the overall direction.[13]

A concurrent delegation that would remove a Deputy Assistant Secretary from the general supervision and control of the Assistant Secretary and give him equal powers of performance and equal control over a departmental subdivision might well be inconsistent with the confirmation requirement for the position of Assistant Secretary. However, as we have been advised by your Department, the concurrent delegations are not designed to impair the Assistant Secretary's responsibility for and control over the subdivision that is in his charge. The concurrent delegations generally refer to the Assistant Secretary's "power and authority," *i.e.*, the day-to-day execution of the statutes in his charge, whose performance must by necessity be delegated and perhaps subdelegated. The delegations do not, however, erode the Assistant Secretary's legal accountability. That responsibility is not included in the concurrent delegation to the deputy and remains vested in the Assistant Secretary.[14] A comparison of the Handbook with the concurrent delegations reproduced at 124 Cong. Rec. S. 2523-2525 (Daily Ed., February 28, 1978) demonstrates the difference between the powers and authorities covered by the delegations and the hierarchical responsibilities that are not affected.

We conclude that because the Assistant Secretaries retain both responsibility for and control over the action of the Deputy Assistant Secretaries, the concurrent delegations do not conflict with the confirmation process and, therefore, constitute a valid exercise of the Secretary's authority.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[13]In *Barr* v. *Matteo*, 360 U.S. 564, 573 (1959), the Court stated that "the complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation as to many functions. . . ." *See also, Cooper* v. *O'Connor*, 99 F. (2d) 135, 142 (D.C. Cir. 1938), cert. denied, 305 U.S. 643 (1938).

[14]*See* in this context the various delegations in 24 CFR Part 3 where it is spelled out that the several concurrent delegations to deputies contained in that Part are subject to the *general supervision* of the principal. In order to avoid future misunderstandings, it may be desirable to include similar clauses in all concurrent delegations.